UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: JOSEPH ANTHONY REYNA

25-MC-574 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Petitioner Joseph Anthony Reyna, who is appearing *pro se*, brings this petition pursuant to Federal Rule of Civil Procedure 27 for pre-suit preservation relief.  (ECF No. 1 ("Pet.").)  On December 17, 2025, the Court granted Petitioner's request to proceed without prepayment of fees, or *in forma pauperis*.  (ECF No. 5.)  For the reasons set forth below, the Court denies this Rule 27 petition.

## I.    Background

The following facts are taken from Reyna's Verified Rule 27 Petition to Preserve Evidence, filed on December 11, 2025.  Reyna describes himself as "engaged in federal matters concerning authorship integrity, metadata governance, catalog preservation, algorithmic transparency, and digital-distribution architecture."  (Pet. at 4.)  He seeks to "prevent foreseeable loss of digital evidence during ongoing and imminent restructuring in the film, television, music, and streaming-platform sectors."  (*Id.* at 1.)  In particular, Reyna is concerned with (1) a vertical merger between AT&T and Time Warner; (2) AT&T's divestiture of WarnerMedia and its merger into Warner Bros. Discovery; (3) Netflix's acquisition of Warner Bros. Discovery; (4) Sony Group Corporation's "vertically integrated stack across film, music, gaming, and hardware"; and (5) the governing of "routing algorithms, metadata ingestion, catalog visibility, and digital rights-management environments" by Universal Music Group, YouTube/Google, and digital distributors.  (*Id.* at 2.)  As "the relevant restructuring is not complete," Reyna alleges that

he cannot yet bring any contemplated action, but he alleges that any future action will require access to certain data including metadata revision histories, rights-management logs, and catalog-migration logs. (*Id.* at 4-5.) He also alleges that the above-mentioned mergers risk foreseeable loss of relevant information. (*Id.* at 7.) Accordingly, he seeks an order from this Court that would require the custodians of such information to preserve that information "until a future action may be filed." (*Id.* at 12.)

Reyna has previously sought the preservation of information from the same or similar companies. *See Reyna v. Universal Music Grp. N.V.*, No. 25-CV-6779, 2025 WL 3650775 (S.D.N.Y. Dec. 15, 2025) (dismissing the Rule 27 petition).

## II.    Legal Standard

Because Reyna proceeds *in forma pauperis*, the Court is required by statute to review the petition and dismiss it, or any portion of it, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Courts "must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quotation marks omitted). However, courts are "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon* v. *Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (Sotomayor, J.) (quotation marks omitted).

## III.    Discussion

To prevail on a Rule 27 petition before an action is filed, a petitioner must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

2

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). In other words, Rule 27 petitioners must "(1) furnish a focused explanation of what they anticipate any testimony would demonstrate; (2) establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought; and (3) make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed." *Bryant v. Am. Fed'n of Musicians of the United States & Canada*, 666 F. App'x 14, 16 (2d Cir. 2016) (summary order) (cleaned up).

Reyna's petition fails for a number of reasons. First, the petition does not seek the production of evidence or perpetuation of testimony and instead requests only preservation of documents. (Pet. at 11-12.) "It is unclear from precedent whether a documents-only production would be legitimate under Rule 27, which admittedly is called '*Depositions* Before Action or Pending Appeal.'" *In re Petition of Allegretti*, 229 F.R.D. 93, 98 (S.D.N.Y. 2005). As some courts have recognized, "the body of the Rule establishes that . . . 'the court may issue orders like those authorized by Rules 34 and 35,' regarding the production of documents and mental and physical examinations, respectively." *In re Liquor Salesmen's Union Loc. 2D Pension Fund*, No. 12-CV-2786, 2012 WL 2952391, at *2 n.4 (E.D.N.Y. July 19, 2012) (quoting Fed. R. Civ. P. 27(a)(3)). But that limited reference to document production is in the context of a deposition hearing and relates to document production, not preservation. Fed. R. Civ. P. 27(a)(3). Accordingly, courts in this district have denied Rule 27 petitions that seek *only* to preserve documentary evidence. *See Wimberly v. Action IQ, Inc.*, No. 21-CV-9000, 2022 WL 2531818, at

3

*4 (S.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, No. 21-CV-9000, 2022 WL 2532175 (S.D.N.Y. Jan. 31, 2022); *Reyna*, 2025 WL 3650775, at *3; *see also Jackson v. Good Shepherd Servs.*, 683 F. Supp. 2d 290, 293 n.16 (S.D.N.Y. 2009) ("Rule 27 speaks only of depositions to perpetuate testimony whereas the thrust of the amended petition is principally to obtain the video tape and incident reports.").

Reyna additionally fails to adequately allege that he has "file[d] [the] verified petition in the district court for the district where any expected adverse party resides," as required by Rule 27. Fed. R. Civ. P. 27(a)(1). Although his petition alleges that "[m]any implicated entities maintain operations, offices, and servers in this District" (Pet. at 3), Reyna has not alleged anything as to where the expected adverse parties are incorporated or headquartered. *Cf., e.g.*, *In re Marshall*, No. 15-MC-01, 2015 WL 849302, at *2 (D. Del. Feb. 25, 2015) (holding that Delaware is an appropriate forum for a Rule 27 petition where four of the expected parties are incorporated in Delaware); *In re Reed*, No. 16-MC-1964, 2016 WL 5660421, at *4 (S.D. Tex. Sept. 29, 2016) (holding that Texas is an appropriate forum for a Rule 27 petition where two of the potential defendants are headquartered in Texas). The mere fact that an entity maintains *some* operations in a district does not establish residency.

Lastly, Reyna fails to show "the substance of the proposed [documents] and the reasons why it is important." *Jackson*, 683 F. Supp. 2d at 293. "It is well-established in case law that perpetuation means the perpetuation of *known* testimony." *In re Petition of Allegretti*, 229 F.R.D. at 96. Here, Reyna offers no details as to what he believes will be shown by the categories of information that he seeks to preserve. Although he gestures at concerns about antitrust violations, he does not explain with any specificity the type of action he anticipates bringing in the future. (*See* Pet. at 8-9.) And although he seeks to preserve broad swaths of

4

information, he does not identify the custodians of the information or what he expects that information to show.  Thus, the petition fails to provide a "focused explanation of what [Reyna] anticipate[s] any testimony [or documents] would demonstrate."  *Bryant*, 666 F. App'x at 16 (quotation marks omitted).

Accordingly, the Court denies Petitioner's Rule 27 petition to perpetuate testimony.

## A.     LEAVE TO AMEND

A *pro se* action generally "should not be dismissed without granting leave to amend at least once when a liberal reading of the complaint gives *any* indication that a valid claim might be stated."  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (cleaned up).  However, leave to amend may be denied where "the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted), where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011), or where the plaintiff has already had an opportunity to amend but has failed to cure the complaint's deficiencies, *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Reyna has previously brought Rule 27 petitions that were dismissed on grounds similar to those identified here.  *See*, *e.g.*, *Reyna*, 2025 WL 3650775, at *4.  However, given Reyna's *pro se* status and the fact that he has yet to amend the petition in this action, the Court grants Reyna leave to amend if he so chooses.

## IV.     Conclusion

The petition to perpetuate deposition testimony, brought pursuant to Rule 27 of the Federal Rules of Civil Procedure, is DENIED.  If Reyna chooses to file an amended petition, such a petition is due within 30 days of the date of this Order.  If no amended petition is filed within that time, the case will be closed.

The Clerk of Court is directed to close the motion at Docket Number 1.

SO ORDERED.

Dated: March 30, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge