UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE JOSEPH ANTHONY REYNA

25-MC-574 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Petitioner Joseph Anthony Reyna, who is proceeding *pro se*, commenced this action on December 11, 2025, pursuant to Federal Rule of Civil Procedure 27 for pre-suit preservation relief. (ECF No. 1.) On March 30, 2026, the Court denied the petition and granted Reyna leave to amend. (ECF No. 6.) On April 8, 2026, Reyna filed a notice of related cases and an amended petition. (ECF No. 7; ECF No. 8 ("Am. Pet.").) On June 30, 2026, Reyna filed a motion to compel ruling on the pending amended petition. (ECF No. 9.)

**I. Background**

Reyna's amended petition is brought against entirely new parties, Sweepsteaks Ltd. and Kick Streaming Pty Ltd, who are not named in his prior petition. (*Compare* Am. Pet., *with* ECF No. 1.) He alleges that both companies may have been implicated in various instances of misconduct related to allegedly false representations and content moderation failures. (*See* Am. Pet. ¶¶ 9-19.) He identifies large swaths of electronically stored information ("ESI"), including "[e]phemeral communications" and training data for an artificial intelligence model, that he would like to preserve (*id.* at 11-12) and argues that his state case, currently on appeal in Missouri, and Respondents' alleged misconduct make federal litigation anticipated (*id.* ¶ 33). Reyna requests an order authorizing the taking of depositions from various individuals and requiring Sweepsteaks and Kick Streaming Pty to preserve evidence. (*Id.* at 24.)

On June 30, 2026, Reyna filed a motion to compel ruling on his amended petition. (ECF No. 9.) In it, he argues that a since-filed case in the Eastern District of Virginia naming Sweepsteaks and Kick Streaming Pty as defendants does not preclude his ability to bring a case in this district and explains that he anticipates a civil action in this district asserting violations of the federal civil RICO statute and other statutes prohibiting wire fraud, illegal gambling enterprise operation, and money laundering. (*Id.* at 2-5.)

As this Court has previously noted, Reyna has filed a number of petitions and actions in this district and other federal judicial districts seeking to procure information from various individuals and companies. *See In re Reyna*, No. 25-MC-574, 2026 WL 880517, at *1 (S.D.N.Y. Mar. 30, 2026); *see also Reyna v. Universal Music Grp. N.V.*, No. 25-CV-6779, 2025 WL 3650775 (S.D.N.Y. Dec. 15, 2025); *Reyna v. Graham*, No. 25-CV-6777, 2026 WL 2334745 (S.D.N.Y. Aug. 10, 2026); *Reyna v. Cap. One Fin. Corp.*, No. 25-CV-1498, 2025 WL 3134296 (W.D. Tex. Oct. 1, 2025), *report and recommendation adopted,* No. 25-CV-1498, 2025 WL 3132239 (W.D. Tex. Nov. 6, 2025); *Reyna v. Exxon Mobile Corp.*, No. 25-CV-194, 2025 WL 4592285 (S.D. Tex. Nov. 21, 2025), *report and recommendation adopted,* No. 25-CV-194, 2026 WL 102613 (S.D. Tex. Jan. 14, 2026).[1] Reyna, in fact, has been warned by another judge in this district that his numerous submissions border on frivolous, and has been ordered to show cause as to why he should not be barred from filing in this court any future civil action *in forma pauperis* without first obtaining the court's leave to do so. *Reyna*, 2026 WL 2334745, at *5.

[1] Reyna has two pending cases, *Reyna v. Graham*, No. 25-CV-6777 (S.D.N.Y.), and *Reyna v. Universal Music Group Recordings, Inc.*, No. 25-CV-10591 (S.D.N.Y.), which he argues are related to this case. (ECF No. 7.) Because the Court denies the petition, Reyna's request that the Court consider coordination with these cases is moot.

## II. Legal Standard

The Court is required by statute to review a petition filed *in forma pauperis* and dismiss it, or any portion of it, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Courts "must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quotation marks omitted). However, courts are "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (Sotomayor, J.) (quotation marks omitted).

## III. Discussion

The Court denies Reyna's petition. "Rule 27 is not a vehicle by which one seeks general discovery of evidentiary material, rather than preservation of known deposition testimony." *Reyna*, 2026 WL 2334745, at *4 (cleaned up). Rather, it permits "[a] person who wants to perpetuate testimony about any matter cognizable in a United States court [to] file a verified petition in the district court for the district where any expected adverse party resides," and the petition "must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony," must explain "the subject matter of the expected action and the petitioner's interest," and must include, among other things, "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it." Fed. R. Civ. P. 27(a)(1). Rule 27 petitioners are required to "(1) furnish a focused explanation of what they anticipate any testimony would demonstrate; (2) establish in good faith that they expect to bring an action cognizable in federal court, but are presently unable to bring it or cause it to be brought; and (3) make an objective showing that without a Rule 27 hearing, known testimony would otherwise be

lost, concealed, or destroyed." *Bryant v. Am. Fed'n of Musicians of the U.S. & Canada*, 666 F. App'x 14, 16 (2d Cir. 2016) (summary order) (cleaned up).

As a preliminary matter, Reyna does not establish that his Amended Petition is filed in the district court for the district where any expected adverse party resides. Instead, to the extent Reyna provides any information about the residence of purported Respondents or deponents, he suggests that they live outside of this district. (*See* Am. Pet. ¶¶ 2-3, 35; ECF No. 9 ¶¶ 8-9.) That alone is reason to deny the petition. In addition, Reyna's filings make clear that he seeks general discovery and preservation of evidentiary material, and his Amended Petition does not provide a "focused explanation of what [he] anticipate[s] any testimony would demonstrate." *Bryant*, 666 F. App'x at 16. Reyna also fails to provide a cogent explanation for why, absent a Rule 27 hearing, known testimony would otherwise be lost, concealed, or destroyed. *See id.* Indeed, Reyna's motion confirms that "materially identical claims against these Respondents" have already been brought in another federal judicial district, such that Respondents are already under an obligation to preserve relevant evidence. (ECF No. 9 ¶ 6.) *See Oakley v. MSG Networks, Inc.*, 792 F. Supp. 3d 377, 384 (S.D.N.Y. 2025) (Sullivan, J.) ("Typically, a party's duty to preserve relevant evidence is triggered when the action is commenced.").

The Court previously granted Reyna leave to amend once. However, leave to amend may be denied "where amendment would otherwise be futile or where the plaintiff has already had an opportunity to amend but has failed to cure the complaint's deficiencies." *In re Reyna*, 2026 WL 880517, at *3 (citing *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011), and *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). Because Reyna has already had an opportunity to amend his petition and has failed to cure its deficiencies, and because the defects in Reyna's submissions cannot be cured with an amendment, the Court denies leave to amend.

## IV. Conclusion

For the foregoing reasons, Reyna's petition is denied.

The Clerk of Court is directed to close the motion at Docket Number 9 and to close this case.

SO ORDERED.

Dated: August 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge